IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01247-AP

Yvonne R. Galvin,

      Plaintiff,

v.

Carolyn W. Colvin, Acting Commissioner of Social Security,

      Defendant.

---

**JOINT CASE MANAGEMENT PLAN FOR SOCIAL SECURITY CASES**

---

**1.     APPEARANCES OF COUNSEL AND *PRO SE* PARTIES**

<u>For Plaintiff</u>:

Thomas A. Feldman, Esq.
1120 Lincoln St., Ste. 1306
Denver, CO 80203
(720) 917-1300
tfeldman@qwestoffice.net

<u>For Defendant</u>:

John F. Walsh                          Michael A. Thomas
United States Attorney                 Special Assistant United States Attorney
                                       Social Security Administration
J. Benedict García                     Office of the General Counsel, Region VIII
Assistant United States Attorney       1961 Stout St., Ste. 4169
                                       Denver, CO 80294-4003
                                       (303) 844-1190
                                       Michael.A.Thomas@ssa.gov

**2.     STATEMENT OF LEGAL BASIS FOR SUBJECT MATTER JURISDICTION**

The Court has jurisdiction based on 42 U.S.C. §§ 405(g), 1383(c)(3).

- 1 -

3.      **DATES OF FILING OF RELEVANT PLEADINGS**

      A.      **Date Complaint Was Filed: May 10, 2013**

      B.      **Date Complaint  Was Served on U.S. Attorney's Office: May 14, 2013**

      C.      **Date Answer and Administrative Record Were Filed: July 15, 2013**

4.      **STATEMENT REGARDING THE ADEQUACY OF THE RECORD**

Plaintiff states: Plaintiff claims the administrative record is not complete, as it does not include the psychological evaluation of Robert Pelc, Ph.D.  While Dr. Pelc's evaluation was prepared after the ALJ's decision, that report (and the two forms accompanying it) are based on the doctor's review of the evidence submitted to the ALJ.  Dr. Pelc in his report made conclusions about the Plaintiff's mental functioning during the period of time prior to the ALJ's decision.  This Court can review the Appeals Council's decision as to whether evidence submitted to it is "new," "material" and "relates to the period on or before" the ALJ's decision, per 20 C.F.R. § 416.1470(b).  That review can only be meaningful if contested evidence such as Dr. Pelc's evaluation is part of the record.

Defendant states: To the best of Defendant's knowledge, the certified administrative record is complete.

5.      **STATEMENT REGARDING ADDITIONAL EVIDENCE**

Plaintiff states: Other than Dr. Pelc's evaluation and the signed forms accompanying that evaluation, Plaintiff does not anticipate submitting additional evidence.

Defendant states: Defendant does not anticipate submitting additional evidence.

6.      **STATEMENT REGARDING WHETHER THIS CASE RAISES UNUSUAL CLAIMS OR DEFENSES**

The parties, to the best of their knowledge, do not believe this case raises any unusual claims or defenses.

7.      **OTHER MATTERS**

The parties have no other matters to bring to the attention of the court.

8.      **BRIEFING SCHEDULE**

Due to Defendant's counsel's caseload and schedule, as well as Plaintiff's counsel's schedule, the parties request a briefing schedule outside the standard time frame.

      A.      **Plaintiff's Opening Brief Due: September 16, 2013**

      B.      **Defendant's Response Brief Due: October 16, 2013**

     C.       **Plaintiff's Reply Brief (If Any) Due: October 31, 2013**

**9.**      **STATEMENTS REGARDING ORAL ARGUMENT**

     **A.**      **Plaintiff's Statement: Plaintiff requests oral argument.  Oral argument would provide a useful opportunity to analyze an important legal issue in this case, namely, the standard for evaluating medical opinions and for the Appeals Council to evaluate new evidence.**

     **B.**      **Defendant's Statement: Defendant does not request oral argument.**

**10.**     **CONSENT TO EXERCISE OF JURISDICTION BY MAGISTRATE JUDGE**

                ***Indicate below the parties' consent choice*.**

     **A.**    **(  )**    **All parties have consented to the exercise of jurisdiction of a United States Magistrate Judge.**

     **B.**    **( X )**    **All parties have not consented to the exercise of jurisdiction of a United States Magistrate Judge.**

**11.**     **AMENDMENTS TO JOINT CASE MANAGEMENT PLAN**

THE PARTIES FILING MOTIONS FOR EXTENSION OF TIME OR CONTINUANCES MUST COMPLY WITH D.C.COLO.LCivR 7.1(C) BY SUBMITTING PROOF THAT A COPY OF THE MOTION HAS BEEN SERVED UPON THE <u>MOVING ATTORNEY'S</u> <u>CLIENT</u>, ALL ATTORNEYS OF RECORD, AND ALL PRO SE PARTIES.

***The parties agree that the Joint Case Management Plan may be altered or amended only upon a showing of <u>good cause</u>.***

     DATED this <u>6</u><sup>th</sup> day of <u>August</u>, 20<u>13</u>.

                 BY THE COURT:

                 ***s/John L. Kane***
                 U.S. DISTRICT COURT JUDGE

APPROVED:

UNITED STATES ATTORNEY

/s/Thomas A. Feldman
_____

/s/Michael A. Thomas
_____

Thomas A. Feldman, Esq.
1120 Lincoln St., Ste. 1306
Denver, CO 80203
(720) 917-1300
tfeldman@qwestoffice.net

By:     Michael A. Thomas
Special Assistant United States Attorney
Social Security Administration
Office of the General Counsel, Region VIII
1961 Stout St., Ste. 4169
Denver, CO 80294-4003
(303) 844-1190
Michael.A.Thomas@ssa.gov

Attorney for Plaintiff

Attorneys for Defendant